**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 03 2022
ARTHUR JOHNSTON
BY ________ DEPUTY

**ANGELA COOK** **PLAINTIFF**

**V.** **CAUSE NO:** 3:22-cv-643-DPJ-FKB

**HINDS COUNTY BOARD OF SUPERVISORS;**
**HINDS COUNTY;**
**THE HONORABLE CARLYN HICKS**
***In her individual and official capacities***
**AND JOHN AND JANE DOES 1-9** **DEFENDANTS**

**COMPLAINT**
**(A JURY TRIAL IS DEMANDED)**

COMES NOW Plaintiff, ANGELA COOK, brings this action against the captioned Defendants. Plaintiff has been subjected to race-based discrimination resulting in termination and other related legal violations. The actions of Defendants described herein constitute violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 1981 by and through 42 U.S.C. § 1983, and violations of the United States Constitution actionable by and through 42 U.S.C. § 1983. This is to allege Plaintiff is entitled to all recoverable costs, amounts, and damages against all Defendants provided for by 42 U.S.C. § 1981 generally, claims based on Constitutional grounds, those brought under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 et seq. as amended, 42 U.S.C. § 1981a, as well as otherwise recoverable under all provisions of laws implicated by this Complaint. This Complaint is to allege claims arising under Federal Law only. All claims in all Counts are brought against The Honorable Caryln Hicks in her individual and/or official capacities. Plaintiff makes both claims pursuant to each Count.

In support of her Complaint and causes of action set as forth herein, Plaintiff states as follows.

## JURISDICTION AND VENUE

1. Defendants fall under the jurisdiction of Federal laws noted above and below and are subject to suit under the laws referred to in this Complaint. All damages and losses are sought to be recovered according to all provisions allowing or addressing recoverable damages set forth in the above-mentioned laws or interpretations of them. Plaintiff incorporates, in her prayer for relief below, all provisions of the above-mentioned laws defining and describing the types of damages and categories of damages she may recover to the extent they provide recovery against Defendants. Plaintiff specifically claims she is entitled to recover all such available damages against each Defendant individually and together (or otherwise implicated by the facts or causes of action) all of which are sought pursuant to this Complaint whether or not specifically noted below.

2. The civil rights violations, constitutional violations and wrongful practices perpetuated by Defendant and all facts supporting them shall hereafter also be referred to as "actionable conduct". This Honorable Court has jurisdiction of this matter (due to federal questions according to 28 USC § 1331) and venue is proper according to 28 USC § 1391. The actionable conduct occurred in this judicial district.

3. Plaintiff has satisfied administrative conditions prior to the commencement of this action for claims under Title VII, by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission. Plaintiff was issued a Right to Sue letter against Defendant dated August 16, 2022 and received thereafter. The Right to Sue letter and Charge are collectively attached hereto as ***Exhibit "A"***. This is filed within in the filing deadline therein.

4. All Counts, claims, causes of action, allegations, statements, and theories of recovery are alleged in the alternative to each other, and also in addition to each other. The matters below are set forth while reserving the chance to provide alternate or additional explaining details. Nothing herein shall be deemed as waiving requirements of notice pleading.

5. Plaintiff reserves the right to substitute, add, or amend the Parties named so as to assure proper Parties and proper registered agents for service according to the Federal Rules of Civil Procedure.

6. This is provide notice to the Honorable Court and to the Parties that Plaintiff, as of the date of this filing, has served a required Tort Claims Act Notice pursuant to Miss. Code Ann. § 11-46-11. Plaintiff intends to bring various claims under state law which may be covered under the Tort Claims Act. This shall serve as Notice of Plaintiff's intent to amend the subject Complaint so as to bring additional claims to the extent Plaintiff finds them supported and to the extent she is allowed to given the time limitations and tolling periods appliable under the Tort Claims Act. Plaintiff respectfully seeks leave to amend so as to add those claims at the appropriate time in this case so that all claims and causes of action arising out of the subject events may be brought in one case. This will reduce the costs, expenses, potential confusion, and other negative consequences of having to bring two concurrent cases with one separately alleging certain state law claims.

**PARTIES**

7. Plaintiff, Angela Cook, is a resident of Brookhaven, Mississippi residing and domiciled during the time of the acts and omissions at 2475 Old Church Dr. NW, Brookhaven, MS 39601.

8. Defendant, Hinds County Board of Supervisors, and Defendant, Hinds County are fully located in this judicial district and may be served with process by and through care of The Honorable Credell Calhoun, President - Hinds County Board of Supervisors, 316 South President St. Jackson, MS 39201 or wherever else the Hinds County Defendants may be served.

9. Defendant, The Honorable Carlyn Hicks may be served care of the Hinds County Courthouse 407 E. Pascagoula St., Jackson MS 39201 or wherever else she may be found or served.

10. Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served and that the proper places of business are noted). This shall also serve as Plaintiff's motion to substitute parties, places of business, and registered agents, and to assure proper parties and party names are before the Court.

11. John and Jane Does are meant to refer to any proper party names, persons, or entities who may be otherwise responsible for the actionable conduct or have any role in it. Plaintiff reserves the right to add or substitute parties as this matter is ongoing.

## FACTS

12. Plaintiff was employed by Defendant, Hinds County Board of Supervisors as a County Court Administrator since approximately June 2004. Plaintiff recognizes that the Defendant, in its EEOC Position Statement, claims that Plaintiff was not employed by the Hinds County Board of Supervisors or Hinds County. Plaintiff reserves the right to argue that she was, yet her claims exist regardless. That is, Plaintiff's claims are applicable whether or not it is ever determined she was employed by the Hinds County Board of Supervisors or Judge Carlyn Hicks. As she makes all claims in the alternative and in addition, she meets all elements of her claims whether or not she was officially employed by the Hinds County Board of Supervisors or Judge Carlyn Hicks.

13. Plaintiff had an exemplary work history while working as a County Court Administrator and she received no disciplinary actions nor other indications of poor performance. Regardless of whether Defendant may claim that there was any performance concern, any such allegation is unsupported and/or inadequate to support any demotion and/or termination decision. Plaintiff has a right to allege that any claim of performance problem which Defendant may raise for any demotion or termination was in fact wholly unsupported an/or should not support and could not support any demotion or termination decision.

14. While Plaintiff worked under several Judges during her time in Hinds County, on or about July 2021 Defendant, Judge Carlyn Hicks was appointed to the Court and became Plaintiff's Supervisor.

15. Plaintiff is a member of a protected class, the Caucasian race pursuant to Fifth Circuit Federal Discrimination Law. In the alternative and in addition, Plaintiff is otherwise subject to the protections of all laws referred to in this Complaint for discrimination that was perpetrated upon her. Judge Carlyn Hicks is African American.

16. While Plaintiff does not submit that she is required to prove that she was a minority within Judge Hicks' staff or Hinds County, she reserves the right to argue the same in support of her claims for discrimination against her.

17. On or about November 8, 2021, Judge Hicks notified Plaintiff that she would be demoted to a Deputy County Administrator with a reduction in pay of around $6,000.00 per year.

18. Plaintiff was demoted notwithstanding that she was replaced with a less qualified African American to the position of County Court Administrator.

19. Plaintiff was informed that Defendant was going in a different direction. There was no adequate reason ever given for the demotion nor was there an adequate reason that existed when considering all factors. Plaintiff reserves the right to allege that all alleged reasons which Defendant may claim were pretextual for discrimination.

20. Notwithstanding the discriminatory demotion, Plaintiff continued with her work and maintained a professional demeanor as she continued to function excellently in the work environment.

21. On or about March 21, 2022, without any warning or reasoning, Judge Carlyn Hicks terminated Plaintiff.

22. Upon reasonable information and belief, Plaintiff was replaced with a less qualified African American.

23. No adequate reason was ever given for the discriminatory discharge or demotion nor could there have been an adequate reason when considering all factors.

24. Regardless of whether it is ultimately determined that Plaintiff was employed by Hinds County for the purposes of her Title VII claims, Judge Hicks had significant policymaking authority. It is understandable that Judges would possess significant policymaking authority given there need to work closely with Court Administrators on a daily basis to conduct the intimate work of the Court that occurs between a Judge and her Court Administrator. The Court Administrator is responsible for numerous functions, and it is important to have a Judge be able to set policy regarding Court Administrators. For the above reasons and potentially others, Judge Hicks was in all respects, a policymaker who had significant authority over Plaintiff to demote and terminate which Judge Hicks ultimately did.

25. In the alternative and in addition, Plaintiff alleges that discriminatory practices resulted from an official policy and/or custom and/or practice. There was therefore a policymaker, an official policy, and violation of legal rights as fully set forth below. Plaintiff's legal rights were violated due to the policy and/or custom and/or practice used to carry out the demotion and termination decisions.

26. Any stated reasons Defendant may claim for the demotion and termination decisions were pretextual for discrimination. Plaintiff was treated differently than one or more similarly situated African Americans when Plaintiff was both demoted and terminated. Plaintiff was better qualified than the others who replaced her.

27. At all times Plaintiff worked in return for pay. Whether or not certain terms and conditions of the employment were integrated into writing, Plaintiff offered to work, was given

consideration in the form of pay, performed her obligations as a County Administrator according to the employment agreement, and suffered losses as a result of breaches thereof.

28. Plaintiff suffered losses as a direct and proximate result of Defendants' actions.

## CAUSES OF ACTION

### COUNT I: CLAIMS UNDER TITLE VII FOR RACIALLY-BASED DISCRIMINATORY TREATMENT AGAINST ALL DEFENDANTS IN ALL CAPACITIES

29. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. Plaintiff makes separate claims for discriminatory demotion and termination.

30. Defendants are alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 *et seq.* as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

31. Plaintiff is a member of a protected class recognized by the Fifth Circuit, the Caucasian Race. In the alternative and in addition, Plaintiff is otherwise subject to the protection of all laws referred to in this Complaint. Plaintiff was qualified at all times and essentially had significant experience working with the Courts and in the capacity of Court Administrator. While Plaintiff's claims exist regardless, and Plaintiff does not subject herself to additional requirements of proof than necessary, Plaintiff reserves the right to argue she was essentially a minority when considering the racial make-up of Judge Hicks' staff and/or Hinds County generally to the extent supported in discovery. Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment and was demoted and then terminated.

32. In the alternative and in addition, Plaintiff was treated differently than one or more similarly situated African American employee(s) who were not terminated and/or not demoted and/or not subject to the actionable conduct. In the alternative and in addition, Plaintiff was replaced by someone outside her protected class both when she was demoted and terminated.

33. In the alternative and in addition, regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless of when she was demoted and terminated. Plaintiff reserves the right to rely on direct evidence of discriminatory intent.

34. As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

35. In the alternative and in addition, the unlawful actions of the Defendants were willful, intentional, and in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Defendants acted unreasonably.

**COUNT II:**
**CLAIMS UNDER 42 U.S.C § 1981**
**BY AND THROUGH 42 U.S.C. § 1983**
**FOR RACIALLY-BASED DISCRIMINATORY TREATMENT**
**AGAINST ALL DEFENDANTS IN ALL CAPACITIES**

36. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. Plaintiff makes separate claims for discriminatory demotion and termination.

37. This Count is alleged against Defendant Hicks in her individual capacity and separately in her official capacity, in the alternative and in addition. This Count is alleged against Hinds County and the Hinds County Board of Supervisors as well. All Defendants fall under the

Jurisdiction and purview of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and may be held liable in all capacities.

38. Defendants are alleged to have violated 42 U.S.C. § 1981 by and through § 1983 in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

39. Plaintiff is a member of a protected class recognized by the Fifth Circuit, the Caucasian Race. In the alternative and in addition, Plaintiff is otherwise subject to the protection of all laws referred to in this Complaint. Plaintiff was qualified at all times and essentially had significant experience working with the Courts and in the capacity of Court Administrator. While Plaintiff's claims exist regardless, and Plaintiff does not subject herself to additional requirements of proof than necessary, Plaintiff reserves the right to argue she was essentially a minority within the County or within Judge Hicks' staff when considering the racial make-up of Judge Hicks' staff and/or Hinds County generally. Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment when she was demoted and terminated. Plaintiff was subject to disparate treatment and was demoted and terminated.

40. In the alternative and in addition, Plaintiff was treated differently than one or more similarly situated African Americans who were not terminated and/or demoted and/or not subject to the actionable conduct and/or who replaced Plaintiff. In the alternative and in addition, Plaintiff was replaced by someone outside Plaintiff's protected class both when terminated and demoted.

41. In the alternative and in addition, regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless. Plaintiff reserves the right to rely on direct evidence of discriminatory intent.

42. Defendants' actions, and Plaintiff's injuries stem from an official policy and/or custom and/or practice of Judge Hicks and/or the other Defendants. Defendants acted at all times

under color of law when carrying out the actionable conduct referred to in this Complaint. The Defendants' collective conduct was objectively unreasonable.

43. In the alternative and in addition, Judge Hicks was an official policymaker embedded with authority to both hire and fire individuals such as Plaintiff in Plaintiff's position, in addition to numerous other policy-making authorities possessed by her supporting that she is a policymaker for the purposes of § 1983. Her decision to demote and terminate Plaintiff therefore renders Defendants liable in all capacities. Plaintiff therefore argues that, regardless of whether there was any official policy and/or custom and/or practice, all Defendants may be held liable by virtue of Judge Hicks' authority as policymaker for the purposes of analyzing claims under 42 U.S.C. § 1983.

44. As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

45. In the alternative and in addition, the unlawful actions of the Defendants were willful, intentional, and in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Defendants acted unreasonably.

**COUNT III:**
**CLAIMS UNDER THE 14th AMENDMENT'S EQUAL PROTECTION CLAUSE**
**BY AND THROUGH 42 U.S.C. § 1983**
**FOR RACIALLY-BASED DISCRIMINATORY TREATMENT**
**<u>AGAINST ALL DEFENDANTS IN ALL CAPACITIES</u>**

46. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. Plaintiff makes separate claims for discriminatory demotion and termination.

47. This Count is alleged against Defendant Hicks in her individual capacity and separately in her official capacity, in the alternative and in addition. This Count is alleged against Hinds County and the Hinds County Board of Supervisors as well. All Defendants fall under the Jurisdiction and purview of The Equal Protection Clause and 42 U.S.C. § 1983 and may be held liable in all capacities.

48. Defendants are alleged to have violated The Equal Protection Clause by and through § 1983 in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

49. Defendants had no compelling State Interest in subjecting Plaintiff to Equal Protection violations as she was discriminated against as described in all provisions of this Complaint. Race was a motivating factor in the actionable conduct perpetuated by Defendants.

50. Plaintiff was denied equal protection under laws as the Defendant's actions were carried out in a discriminatory manner targeted towards Plaintiff due to her membership in a group and protected class so as to result in Plaintiff's losses. Plaintiff's losses stemmed from discriminatory intent.

51. Plaintiff was treated differently than one or more similarly situated African Americans who were not terminated and/or demoted and/or not subject to the actionable conduct or who replaced Plaintiff. In the alternative and in addition, Plaintiff was replaced by someone outside Plaintiff's protected class in the termination and demotion and treated discriminatorily given Plaintiff was terminated based on race-based grounds.

52. In the alternative and in addition, regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless. Plaintiff reserves the right to rely on direct evidence of discriminatory intent.

53. Defendants' actions, and Plaintiff's injuries stem from an official policy statement and/or ordinance and/or regulation and/or decision officially adopted by Defendants. Defendants acted at all times under color of law when carrying out the actionable conduct referred to in this Complaint. The Defendants' collective conduct was objectively unreasonable.

54. In the alternative and in addition, Judge Hicks was an official policymaker embedded with authority to both hire and fire individuals such as Plaintiff in Plaintiff's position, in addition to numerous other policy-making authorities possessed by her supporting that she is a policymaker for the purposes of § 1983. Her decision to demote and terminate Plaintiff therefore renders Defendants liable in all capacities. Plaintiff therefore argues that, regardless of whether there was any official policy and/or custom and/or practice, all Defendants may be held liable by virtue of Judge Hicks' authority as policymaker for the purposes of analyzing claims under 42 U.S.C. § 1983.

55. As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

56. In the alternative and in addition, the unlawful actions of the Defendants were willful, intentional, and in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Defendants acted unreasonably.

**COUNT IV:**
**CLAIMS UNDER THE 14th AMENDMENT'S DUE PROCESS CLAUSE**
**BY AND THROUGH 42 U.S.C. § 1983**
**(SUBSTANTIVE DUE PROCESS VIOLATIONS)**
**FOR RACIALLY-BASED DISCRIMINATORY TREATMENT**
**AGAINST ALL DEFENDANTS IN ALL CAPACITIES**

57. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in

addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well. Plaintiff makes separate claims for discriminatory demotion and termination.

58. This Count is alleged against Defendant Hicks in her individual capacity and separately in her official capacity, in the alternative and in addition. This Count is alleged against Hinds County and the Hinds County Board of Supervisors as well. All Defendants fall under the Jurisdiction and purview of The Due Process Clause and 42 U.S.C. § 1983 and may be held liable in all capacities.

59. Defendants are alleged to have violated The Due Process Clause by and through § 1983 in ways outlined in this Count and Complaint. Plaintiff seeks all damages available under all laws referred to in this Complaint.

60. Defendants had no compelling State Interest in subjecting Plaintiff to Due Process violations as she was discriminated against as described in all provisions of this Complaint. Race was a motivating factor in the actionable conduct perpetuated by Defendants.

61. Plaintiff had a property interest/right in her employment. Notwithstanding, Plaintiff was demoted and subsequently terminated in an arbitrary and capricious manner constituting employment discrimination.

62. As more fully described above, Plaintiff worked in return for pay, and performed her work adequately such that she fulfilled her obligations under the employment agreement. It should have been reasonably understood by both parties that the employment agreement would protect Plaintiff from being demoted and terminated contrary to applicable discrimination law. Judge Hicks was vested with certain authority. She used that authority so as to deprive Plaintiff of a property interest and/or right in her employment. All Parties to this Complaint should have reasonably expected that Plaintiff had an interest and right not to be demoted or terminated in violation of applicable discrimination law and/or for discriminatory reasons generally.

63. In the alternative and in addition, regardless of Defendants' treatment of others, Plaintiff was discriminated against regardless. Plaintiff reserves the right to rely on direct evidence of discriminatory intent.

64. Defendants' actions, and Plaintiff's injuries stem from an official policy statement and/or ordinance and/or regulation and/or decision officially adopted by Defendants. Defendants acted at all times under color of law when carrying out the actionable conduct referred to in this Complaint. The Defendants' collective conduct was objectively unreasonable.

65. In the alternative and in addition, Judge Hicks was an official policymaker embedded with authority to both hire and fire individuals such as Plaintiff in Plaintiff's position, in addition to numerous other policy-making authorities possessed by her supporting that she is a policymaker for the purposes of § 1983. Her decision to demote and terminate and demote Plaintiff therefore renders Defendants liable in all capacities. Plaintiff therefore argues that, regardless of whether there was any official policy and/or custom and/or practice, all Defendants may be held liable by virtue of Judge Hicks' authority as policymaker for the purposes of analyzing claims under 42 U.S.C. § 1983.

66. As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

67. In the alternative and in addition, the unlawful actions of the Defendants were willful, intentional, and in reckless disregard and/or deliberate indifference for the statutory rights of Plaintiff. Defendants acted unreasonably.

**COUNT V**
**BREACHES OF CONTRACT (EXPRESSED AND/OR IMPLIED TERMS) UNDER MISSISSIPPI LAW AGAINST ALL DEFENDANTS**

77. Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

78. Plaintiff offered and/or promised to work for Defendants in return for Defendants' agreement to pay. There was mutual consideration in the form of these mutually exchanged promises. Plaintiff reasonably, and should have reasonably, understood at the time of the agreement that Plaintiff would not be subject to the conduct referred to above which was discriminatory. Plaintiff's understanding was in part due to a reasonable understanding of what she should expect in a reasonable work environment even one that may be considered "at will" in the event the Defense argues this. There was an offer and acceptance, mutual assent to terms and conditions referred to in this Count, and consideration. There was a binding contract. Plaintiff reasonably maintained this understanding throughout the time she worked.

79. In the alternative and in addition, Defendants should not have perpetuated or tolerated conduct such as the kind which occurred as part of any reasonable employment arrangement.

80. Defendants breached the agreement with Plaintiff.

81. As a direct and proximate result of the breaches referred to above, Plaintiff suffered and will suffer damages as more fully described below.

DAMAGES INCLUDING, BUT NOT LIMITED TO, PUNITIVE DAMAGES

82. Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein. Plaintiff suffered losses and damages as set forth below and

incorporated herein as a result of Defendants actions, inactions, breaches, and as a result of Plaintiff's detrimental reliance. Plaintiff preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard and/or deliberately indifferent to her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was). Defendants acted in reckless disregard for Plaintiff's civil rights and for the law in their actionable conduct giving rise to the above claims. In the alternative and in addition, Defendants' actions against Plaintiff were of the kind and character so as to support all damages referred to in this Complaint including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count. Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action against each proper Defendants separately, individually and together.

1. Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals and other pecuniary losses proximately caused by Defendants' unlawful conduct, as well as all other fair compensation for the acts and omissions referred to;

2. Damages against Defendants in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress, mental anguish and pain and suffering or non-economic losses; past, present, and future out of

pocket costs and attorney fees; past, present, and future lost wages to the fullest extent recoverable; loss of wage-earning capacity to the extent supported in discovery. Plaintiff claims the lost value of employment benefits she should have received if not for the discriminatory termination including, but not limited amounts she could have reasonably expected from any State or Local retirement plan or system, the lost value of sums she was entitled to and should still be entitled to in the form of any past, present or future value or cash value of retirement funds, and all sums however related to not receiving the benefit of past, present or future retirement fund or other savings. Plaintiff prays for the value of any other benefits of employment she would have received if not for the actionable conduct. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages she may legally recover whether or not specifically stated. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and <u>any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint</u>; and

3. Plaintiff prays for all compensatory damages and other damages available as a result of Defendants' breaches of contract, and as a result of Plaintiff's reasonable, justifiable and detrimental reliance upon Defendants, including but not limited to those losses as more fully referred to above.

4. Plaintiff prays for punitive damages in the maximum amount allowed by law.

5. Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

**JURY TRIAL DEMAND**

**Plaintiff demands a jury trial on all matters raised by the Complaint as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED THIS THE 31 day of Oct, 2022.

BY THE PLAINTIFF,
THROUGH COUNSEL,
ANGELA COOK
MICHAEL R. BROWN, ESQ.

MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com