IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANGELA COOK**                                                                                               **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 3:22-cv-643-DPJ-FKB**

**HINDS COUNTY BOARD OF SUPERVISORS;**
**HINDS COUNTY;**
**THE HONORABLE CARLYN HICKS**
*In her individual and official capacities*
**AND JOHN AND JANE DOES 1-9**                                                       **DEFENDANTS**

### HINDS COUNTY BOARD OF SUPERVISORS AND
### HINDS COUNTY'S MEMORANDUM OF AUTHORITIES
### IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Come now, Hinds County Board of Supervisors and Hinds County, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their memorandum of authorities in support of Motion for Judgment on the Pleadings as follows:

### INTRODUCTION

This suit arises out of Plaintiff's employment as a Court Administrator for the County Court of Hinds County, Mississippi. *CM/ECF Doc. No. 21.* Plaintiff contends County Court Judge Carlyn Hicks demoted her, reduced her pay and ultimately terminated her employment as Court Administrator. *Id.* Plaintiff contends her demotion and termination were the result of racial discrimination in violation of Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. She blames both Judge Hicks and Hinds County.

**FACTUAL BACKGROUND**

According to Plaintiff's First Amended Complaint, she began working as the Hinds County, County Court Administrator in June 2004. *Id*. at ¶ 12-13. Plaintiff alleges she had an exemplary work history and received no disciplinary actions or other indications of poor performance. *Id*.

Plaintiff asserts in July 2021, Judge Carlyn Hicks was appointed to the County Court and became her supervisor. *Id.* at ¶ 14. Plaintiff further contends on or about November 8, 2021, Judge Hicks notified her she was being demoted to a Deputy County Administrator with a reduction in pay. *Id.* at ¶ 17. Plaintiff, who is Caucasian, asserts Judge Hicks, who is African American, replaced her with a less qualified African American. *Id. at* ¶ 18. Then, on or about March 21, 2022, Plaintiff contends Judge Hicks terminated her employment. *Id. at* ¶ 21.

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *See, e.g., Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's First Amended Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503

F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)).

The complaint must allege sufficient factual matter "to state a claim that is plausible on its face." *Twombly,* 550 U.S. at 570. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 234) (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

## CLAIMS

Plaintiff asserts the following claims against Movants: (1) Racial Discrimination—Title VII; (2) Racial Discrimination—1981; (3) Equal Protection violations - 1983; (4) Due Process violations - 1983; and (5) Breach of Contract.

## LEGAL ARGUMENT

All of Plaintiff's claims against Movants fail and must be dismissed.

### I.    HINDS COUNTY BOARD OF SUPERVISORS

Plaintiff asserts claims against the Hinds County Board of Supervisors but the same is not a political subdivision amenable to suit.  "Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined 'by the law of

3

the state where the court is located . . . .' " *Cannon v. Sixth Dist. Pub. Def. Off.*, No. 09-2164, 2010 WL 5855912, at *4 (W.D. La. Oct. 26, 2010), *report and recommendation adopted*, No. 09-2164, 2011 WL 918736 (W.D. La. Feb. 15, 2011) (quoting Fed. R. Civ. P. 17(b)(3)).

In Mississippi, it is well-settled that a Board of Supervisors, like a Sheriff's Department, is not capable of being sued. *Brown v. Thompson*, 927 So.2d 733 (Miss. 2006) (holding sheriff's departments are not political subdivisions within the meaning of the MTCA); *D.M. v. Forrest Cty. Sheriff's Dep't*, No. 2:20-cv-48-KS-JCG, 2020 WL 4873486, at *8 (S.D. Miss. Aug. 19, 2020) (county board of supervisors is not a political subdivision amenable to suit); *Tuesno v. Jackson*, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (same); *Hearn v. Bd. of Sup'rs of Hinds Cty., Miss.*, 575 F. App'x 239, 243 (5th Cir. 2014) (affirming decision that Board of Supervisors is not amenable to suit).

The above is made perfectly clear in Section 11-46-1(i) of the MTCA which defines a "political subdivision" as:

> [a]ny body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including, but not limited to, any county, municipality, school district, charter school, volunteer fire department that is a chartered nonprofit corporation providing emergency services under contract with a county or municipality, community hospital as defined in Section 41-13-10, airport authority, or other instrumentality of the state, whether or not the body or instrumentality has the authority to levy taxes or to sue or be sued in its own name."

Miss. Code. Ann. § 11-46-1(i). A board of supervisors is not a "political subdivision;" rather, it is a "governing authority" for a political subdivision - Hinds County. *Cooley v. Forrest Cty. Sheriff's Dep't*, No. 2:20-cv-5-KS-MTP, 2020 WL 5118054, at *3 (S.D. Miss.

Aug. 31, 2020); see also Miss. Code Ann. § 17-1-1; Miss. Code. Ann. § 31-7-1 (governing authority means boards of supervisors); Miss. Code Ann. § 17-13-5(b).

Because the Hinds County Board of Supervisors is not a political subdivision capable of being sued, all claims against it must be dismissed.

## II.     HINDS COUNTY

### A.     Racial Discrimination—Title VII

Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The basic premise of a Title VII case is that the **plaintiff had an employment relationship with the defendant**. *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021); *Muhammad v. Dall. Cnty. Cmty. Supervision & Corr. Dep't,* 479 F.3d 377, 380 (5th Cir. 2007); *Brown v. Fowler Games, Inc.*, No. 3:16-CV-587-DPJ-FKB, 2017 WL 5894206, at *2 (S.D. Miss. Nov. 29, 2017)(Title VII proscribes discrimination by "an employer). An entity that is not the plaintiff's "employer" cannot be held liable under Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994).

Notably, an employee can have joint employers—two (2) or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to qualify as her employer. *Perry*, 990 F.3d at 928 (citing U.*S. Equal Emp. Opportunity Comm'n, Compliance Manual § 2-III(B)(1)(a)(iii)(b)* (Aug. 2009)). To determine whether an entity exercises enough

5

control over an individual to qualify as an employer, the Fifth Circuit applies a "hybrid economic realities/common law control test." *Id.* at 928-29. The economic-realities component focuses on "who paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* at 929. The common law control component focuses on "the right to hire and fire, the right to supervise, and the right to set the employee's work schedule." *Id*.

Here, Plaintiff's salary and benefits were paid by Hinds County; however, the County did not hire, fire or set the terms and conditions of Plaintiff's employment as a County Court Administrator. To the contrary, per Mississippi law, the power to select and/or remove a Court Administrator is made by a majority vote of the duly elected County Court Judges—NOT the County. Miss. Code. Ann. § 9-17-1. In fact, the elected judges are the only individuals empowered to, at their discretion, establish the office of court administrator in a county by entering an order on the minutes doing so. Miss. Code Ann. § 9-17-1.

The establishment of the office of court administrator is accomplished by vote of most of the participating judges in the county, and the court administrator is, thereafter, "appointed by vote of a majority of the judges or chancellors and may be removed by a majority vote of the judges or chancellors." *Id.*  Thus, Mississippi law makes clear that elected County Court Judges establish the office of court administrator and appoint or remove the court administrator—NOT Hinds County.

Furthermore, it is significant that Hinds County does not establish the amount to pay for the Court Administrator's position. Rather, per statute,

6

>the annual salary of each court administrator appointed pursuant to this section shall be **set by vote of the judges and chancellors of each participating county** and shall be submitted to the Administrative Office of Courts for approval pursuant to Section 9-1-36.

Miss. Code. Ann. § 9-17-1(3) & Miss. Code Ann. § 9-1-36 (officer operating allowance; support staff).

Though the County is statutorily required to pay the salary/benefits of the Court Administrator, that is the extent of the County's role. The Judges select the Court Administrator, set the salary (with input from the MS Administrative Office of Courts) set the terms and conditions of the employment and are responsible for any decision terminating a Court Administrator. As noted above, Hinds County does not control County Court Administrators; rather, the Judges have the exclusive right to hire, fire, supervise, and set the employee's work schedule. Because the County is not Plaintiff's "employer," it can have no liability under Title VII.

    **B.**    <u>**Racial Discrimination—1981**</u>

Section 1981 prohibits racial discrimination in making and enforcing contracts. 42 U.S.C. § 1981. To establish a section 1981 claim for contractual discrimination, a plaintiff must allege that: "(1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)). "[A] cause of action for racial discrimination in the making and enforcement of contracts, under § 1981, require[s] the plaintiff to demonstrate intentional

7

discrimination." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Discriminatory intent can be established via direct evidence or, "more commonly," by circumstantial evidence. *Bellows*, 118 F.3d at 274. "An allegation that similarly situated non-minorities received better treatment 'could create the necessary inference and set the predicate for establishing a section 1981 claim." *Body by Cook*, 869 F.3d at 386-87 (quoting *Crosby v. Kilgore*, 9 F.3d 104 (5th Cir. 1993)). But "naked allegation[s]" of discriminatory intent are insufficient to survive a motion to dismiss. *Id.* (quoting *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc)).

Notably, Section 1981 requires the "existence of an employer-employee relationship between the parties," and, as noted above in Section II.A., no such relationship existed here. *Brown v. Fowler Games, Inc.*, 2017 WL 5894206 (S.D. Miss.). Movants had no employer-employee relationship with Plaintiff as they neither hired, fired, controlled or supervised her—the County laws are provided all authority over Plaintiff's employment under Mississippi law. There can be no Section 1981 liability here as to Movants.

C. **Equal Protection Violations**

Plaintiff also asserts an equal protection violation claim via Section 1983. *Am. Compl.* ¶ 47. Plaintiff contends she was discriminated against due to her membership in a protected class and was treated differently than similarly situated African Americans. *Id.* at ¶ 50-51.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws,"

which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a claim of racial discrimination under the Equal Protection Clause and section 1983, Plaintiff must demonstrate she received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004). A "[d]iscriminatory purpose in an equal[-]protection context implies that the decision-maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (quoting *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992)).

Here, Movants did not employ Plaintiff, thus, her Equal Protection claim fails as to them. Again, Movants did not have any role in Plaintiff's employment as Court Administrator other than to pay the salary set by the Judges and Mississippi's Administrative Office of Courts.

In addition, even had this County employed Plaintiff, Plaintiff cannot demonstrate an official policy, practice or custom of the County was the "moving force" behind any constitutional violation. As this Court well knows, a County cannot be liable under Section 1983 under the theory of *respondeat superior*. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 694). Rather, a municipality is liable "only for acts **directly attributable to it** through some official action or imprimatur." *Valle*, 613 F.3d at 541 (emphasis added).

9

To establish liability under 42 U.S.C. § 1983 against Hinds County, Plaintiff "must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle*, 613 F.3d at 541 (quoting *Monell*, 436 U.S. at 691, 98 S.Ct. 2018). "Policy" means either an official policy adopted and promulgated by a county policymaker, or a "persistent, widespread practice" of officials or employees that "is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). For a "custom" to constitute a policy, a policymaker must have either actual or constructive knowledge of it, and the policymaker must be a lawmaking officer or "an official to whom the lawmakers have delegated policy-making authority." *Webster*, 735 F.2d at 841.

Here, to demonstrate liability against the County, Plaintiff must demonstrate: (1) an official policy or custom of which (2) the policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). Plaintiff "must identify the policy, connect the policy to Hinds County itself and show that the particular injury was incurred because of the execution of that policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). Additionally, a municipality "may be held liable only for <u>acts for which it is actually responsible</u>." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)) (emphasis added).

Plaintiff has not provided any written policy of Hinds County on which to rest liability. Plaintiff has not only failed to identify any such Hinds County policy, she has also failed to demonstrate her particular injury was incurred because of the execution of a County policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984).

Here, because there is no Hinds County policy on which to rely, Plaintiff argues Hinds County Court Judge Carlyn Hicks was a "final policymaker" for Hinds County and her alleged actions pertaining to Plaintiff's employment are sufficient to amount to Hinds County policy. This argument fails.

A local government entity may be sued "if it is alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (quoting *Monell*, 436 U.S. at 690). A single decision may constitute such an official policy of the governmental body "if that decision were made by a final policymaker responsible for that activity." *Brown v. Bryan County*, 67 F.3d 1174, 1183 (5th Cir. 1995).

As the United State Supreme Court has explained "*Monell* is a case about responsibility." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). Local governments are responsible only for "**their own illegal acts**." *Id*. at 479. The "official policy" requirement

> was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is **limited to action for which the municipality is actually responsible**.

11

*Id.* at 479 (emphasis added).

Here, Plaintiff must demonstrate that **Hinds County is responsible for the alleged Constitutional violation in order to recover from the County**. In the absence of any written policy here, Plaintiff attempts to make an elected County Court Judge a Hinds County policymaker. It is clear that County Court Judge Hicks is **not** a County employee; rather, she is an elected official the County had no role in selecting or supervising. Thus, she is not a Hinds County employee for whom there is liability as a final policymaker as she simply is not an "employee." Prior precedent in this Circuit makes this abundantly clear as explained hereinbelow. See, *Ward v. Morris*, 895 F. Supp. 116, 117 (N.D. Miss. 1995).

To make the relevant determination as to final policy maker liability, this Court must "identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *McMillian v. Monroe County,* 520 U.S. 781, 784–85 (1997) (quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989)). The inquiry is specific to the particular action at issue and depends on an analysis of relevant state and local law. *Bolton v. City of Dallas, Tex.,* 541 F.3d 545, 548 (5th Cir. 2008).

County Courts in Mississippi are established by Miss. Code Ann. § 9-9-1. When a County Court is created, the Judge "shall be elected by the qualified electors of the county…" Miss. Code. Ann. § 9-9-1. In addition, Section 9-9-5 again notes the fact that County Court Judges must be elected and "shall possess all of the qualifications of a

circuit judge as prescribed by the Mississippi Constitution." Miss. Code. Ann. § 9-9-5. Put simply, a County Court Judge is an elected official in the State of Mississippi—and is not appointed by Hinds County.

While the County is required by State statute to pay the County Court Judge out of the County treasury using a population-based formula mandated by the State as well as certain expenses, the County's role in the operation and administration of the County Court is, otherwise, nil. Miss. Code Ann. § 9-9-11, § 9-1-37. Hinds County cannot and does not hire Court Administrators. Furthermore, County Court Judges are specifically mandated to have control over all proceedings in the clerk's office not just the Courtroom. See, Miss. Code. Ann. § 9-1-29. Again, County judges are the only entity who can create the office of court administrator and have sole authority on hiring, firing and determination of pay for the court administrator. Miss. Code Ann. § 9-17-1(3); § 9-1-36. Hinds County has no such authority. In fact, by statute, the County has no control over elected County Court judges. Thus, a County Court Judge cannot be a final policymaker for Hinds County.

In *Ward v. Morris*, 895 F. Supp. 116, 117 (N.D. Miss. 1995), Judge Senter recognized the premise that an elected state judge cannot be a "final policymaker" for a County. In *Ward*, the Plaintiff alleged she suffered violations of her constitutional rights when she was subjected to unwanted sexual advances by a Justice Court Judge. *Id*. The County argued the Justice Court Judge was not a policymaker for the County and Judge Senter agreed. *Id.* at p. 18. In particular, Senter stated

13

> after careful consideration, the court can find **no authority for concluding that under Mississippi law Morris was an official policymaker for Alcorn County or that he was in any pertinent way a county official or employee.**

*Ward* 895 F. Supp. at 118 (emphasis added). The Court further noted that the Judge "was a member of the state judiciary, and his duties were imposed by the Mississippi Constitution and state law." *Id.*; *see also, Discovery House, Inc. v. Consol. City of Indianapolis*, 43 F.Supp.2d 997, 1000, citing *Ward*, 895 F. Supp at 118 (the reason judges are not municipal policy makers is because, in most cases, they are officers of the state, not county officials). Judge Senter noted that the County certainly had duties with "respect to the functioning" of the Justice Court, like providing a courtroom and paying a court clerk, but that Mississippi law does not otherwise grant the "county **any control whatsoever** over the actions of the justice court judge." *Id.* at 117-18. (emphasis added).

Notably, Judge Senter took pains to distinguish between the question of judicial immunity and the issue of "county liability under § 1983." Senter stated that such decisions are "separate and distinct." Thus, while a Judge may or may not be judicially immune from liability depending on whether the task was administrative or judicial in nature, this test has no effect on the determination of Hinds County's liability here under *Monell*.

As was the case in *Ward*, a County Court judge cannot be a policymaker for a County. This, of course, vindicates well-established precedent that a municipality is liable "only for acts **directly attributable to it through some official action or imprimatur**." *Valle*, 613 F.3d at 541 (emphasis added). Because a County Court Judge is

14

not a county employee, a judge's individual conduct cannot be attributed to the County for purposes of Section 1983 liability. Plaintiff's claims fail.

### D.  Due Process Violations

Plaintiff also asserts a due process claim against Movants. *Amnd. Compl.* ¶ 58-59. In particular, Plaintiff alleges she had a property interest in her employment and the defendants terminated her in an arbitrary and capricious manner. *Id.* at ¶ 61.

Again, Movants cannot and did not hire, terminate, or supervise Plaintiff. Per Mississippi statute, the Court Administrator's position was appointed, supervised, controlled and, ultimately, terminated by the Judges—NOT movants. Hinds County was not Plaintiff's employer and, therefore, was incapable of providing or denying her due process in her employment with the County Court.

### E.  Breach of Contract (Express or Implied)

Finally, Plaintiff asserts a claim under Mississippi law for breach of contract. *Amnd. Compl.* at ¶ 78.  Put simply Plaintiff alleges Movants breached an employment agreement with Plaintiff.

#### 1.  Breach of Express Contract

Any claim for breach of an express written contract against Movants is barred as (1) there is no such written agreement; and as previously explained, (2) there was no employer-employee relationship between Plaintiff and Movants.  Even were the County Plaintiff's employer, it is clear there was no written contract and, thus, Plaintiff would be, at best, an "at will" employee.

15

As this Court is well-aware, "Mississippi adheres to the at will doctrine, which states 'absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible.'" *Avery v. Univ. of Mississippi,* 346 So. 3d 904, 915 (Miss. Ct. App. 2022), reh'g denied (Sept. 27, 2022). Because Movants did not employ Plaintiff, there can be no breach of contract, yet even if they did, she was at-will and could be terminated for no reason, a good reason or a bad reason.

### 2. **Breach of Implied Contract**

Any claim for an implied breach of contract also fails. Again, Movants had no employer-employee relationship with Plaintiff. In absence of any employment relationship, there was no agreement—implied or otherwise—between movants.

Even if such a relationship existed, Plaintiff's claims are barred by the MTCA. See, Miss. Code Ann. § 11-46-9(1)(a), (b), (d), (g), *et seq*.

### CONCLUSION

For the reasons stated hereinabove as well as in the Motion for Judgment on the Pleadings, Movants are entitled to a dismissal of all claims.

**DATE:**     **April 5, 2023.**

Respectfully submitted,

**HINDS COUNTY BOARD OF SUPERVISORS AND HINDS COUNTY**

BY: /s/ *Kevin J. White*
One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
KEVIN J. WHITE (MSB#101619)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
kwhite@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Hinds County Board of Supervisors and Hinds County's Memorandum of Authorities in Support of Motion for Judgment on the Pleadings with the Clerk of the Court via the ECF System, which gave notice of the same to:

> Michael R. Brown, Esq.
> THE MICHAEL R. BROWN LAW OFFICES, PLLC
> 120 North Congress Street, Suite 710
> Jackson, MS 39201
> mbrown@mikelawms.com
> *Attorney for Plaintiff*
>
> Jamie Deon Travis, Esq.
> GIBBS TRAVIS PLLC
> 210 E. Capitol Street
> Suite 1801
> Jackson, MS 39201
> jtravis@gibbstravis.com
> *Attorney for The Honorable Carlyn Hicks*

The 5th day of April, 2023.

/s/ *Kevin J. White*
OF COUNSEL